### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY DIXON, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| STAN SHEPPARD, Warden, | : | CIVIL ACTION NO. |
| SAMUEL OLENS, the Attorney | : | 1:13-CV-3289-WSD-JFK |
| General of the State of GA c/o | : | |
| Daniel Hamilton S/A-Asst, A/G, | : | |
| Respondents. | : | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Petitioner's 28 U.S.C. § 2254 petition that challenges his 2005 Cobb County convictions, (Doc. 1), Respondent Stan Sheppard's (hereinafter Respondent's) answer-response and motion to dismiss the petition as untimely, (Docs. 8, 9), and Respondent Samuel Olens's motion that he be dismissed as an improper respondent, (Doc. 10).

**I.   Discussion**

In December 2005, a Cobb County jury found Petitioner guilty of malice and felony murder and aggravated assault, Cobb County criminal case number 05901895-42. Dixon v. State, 285 Ga. 312, 312 n.1, 677 S.E.2d 76, 78 n.1 (2009), overruled, Whitehead v. State, 287 Ga. 242, 695 S.E.2d 255 (2010). The Court

imposed a life term of imprisonment for malice murder – the felony conviction was vacated and the aggravated assault charge merged into the malice murder conviction for sentencing purposes.  Id.  Based on a copy of what appears to be a portion of Petitioner's sentencing transcript provided by Petitioner, the trial court informed Petitioner, "you have a right to file any action for habeas corpus brought pursuant to law.  It must be filed within four years . . . ."[1]  (Doc. 1, Attach. page "152").

On April 28, 2009, the Georgia Supreme Court affirmed the judgment against Petitioner.  Dixon, 285 Ga. at 319, 677 S.E.2d at 82.[2]  On March 9, 2011, Petitioner filed a state habeas corpus petition in the Superior Court of Richmond County, case number 2011RCHM04.  (Doc. 11, Ex. 1).  That court denied relief, and on September 9, 2013, the Georgia Supreme Court denied further review.  (Id., Exs. 3, 4).

---

[1] Georgia law provides for a four-year limitations period for filing a state habeas corpus petition that challenges a felony conviction.  O.C.G.A. § 9-14-42(c).

[2] On February 23, 2011, Petitioner filed an out-of-time motion in arrest of judgment, which was dismissed, and the Georgia Supreme Court affirmed the order of dismissal.  Dixon v. State, 291 Ga. 703, 703, 733 S.E.2d 327, 328 (2012).

2

On July 18, 2013, Petitioner filed his federal habeas corpus petition.³ (Doc. 1). On timeliness, Petitioner contends that he is entitled to equitable tolling because (1) the trial judge fraudulently informed him that he had four years to file a habeas corpus petition, (2) he is a level-four mental-health inmate, (3) his counsel ineffectively failed to advise him regarding the federal one-year limitations period, and (4) he showed diligence by pursuing his state habeas petition and out-of-time motion in arrest of judgment "as quickly as possible" after he was informed by a jail house lawyer that he should do so immediately.⁴ (Id. at 6). Respondent argues that Petitioner has not shown an extraordinary circumstance or reasonable diligence to entitle him to equitable tolling and that his action must be dismissed as untimely. (Doc. 9 at 5-7).

---

³Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

⁴The Court has reviewed the federal cases cited by Petitioner (limited to the cases for which he provided a proper citation) and finds them unhelpful. See Brown v. Allen, 2012 U.S. Dist. LEXIS 30119 (M.D. Ga. Feb. 13, 2012); Dallas v. Comm'r, Ala. Dep't of Corr., 2012 U.S. Dist. LEXIS 3877 (M.D. Ala. Jan. 12, 2012); Deen v. Egleston, 601 F. Supp. 2d 1331 (S.D. Ga. 2009), reversed in part, 597 F.3d 1223 (11th Cir. 2010).

3

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a one-year statute of limitations applies to a habeas corpus action attacking a state conviction. As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting Holland v. Florida, 560 U.S. 631, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011).[5]  Equitable tolling based on mental incapacity may be appropriate if a petitioner shows a "causal connection" between his alleged mental limitations and his ability to file a timely petition. Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Allegations of low IQ and lifelong mental impairments, alone, are insufficient to show a causal connection or justify equitable tolling. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th 2009). "The burden of proving circumstances that justify the

---

[5]In addition, actual innocence provides an exception, though rare, to AEDPA's time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). To show actual innocence, the petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[,]" demonstrate that "it is more likely than not that no reasonable juror would have convicted him . . . . " Schlup, 513 U.S. at 324, 327-28.

application of the equitable tolling doctrine rests squarely on the petitioner[, and] [m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin, 633 F.3d at 1268.

There being no suggestion in the petition that the provisions of subsections 2244(d)(1)(B)-(D) apply,[6] the federal limitations period began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on July 27, 2009, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, 90 days after the Georgia Supreme Court on April 28, 2009, affirmed his convictions. See Sup. Ct. R. 13, 30; Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003). Absent equitable tolling (to which Petitioner is not entitled as discussed below), the federal limitations period ran for 365 days and expired on July 27, 2010, and Petitioner's August 2013 petition is untimely by approximately five years.[7]

---

[6] A review of the petition also reveals nothing that entitles Petitioner to additional time due to the actual innocence exception.

[7] Petitioner's 2011 state habeas corpus petition and untimely motion in arrest of judgment lack any statutory tolling effect because the federal limitations period already had expired by the time that he filed both the petition and the motion. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there

6

Petitioner fails to show an extraordinary circumstance.  It is apparent that the trial court correctly informed Petitioner of Georgia's limitations period for habeas corpus petitions.  It did not affirmatively mislead Petitioner by telling him that the federal limitations period was four years.  Section 2244, not state law, dictates the parameters of the federal statute of limitations, and "[a]lthough Georgia affords its habeas petitioners four years to challenge their felony convictions, these petitioners are free to file, or not file, their state habeas petitions within the year following the date their convictions become final[,]" and the state four-year period provides no excuse for an untimely federal petition.  Collins v. Thompson, No. CV 307-013, 2008 WL 282732, at *1 (S.D. Ga. Jan. 31, 2008).  Further, the undersigned is aware of no state-court duty to advise a state prisoner on the federal limitations period.  Cf. Outler v. United States, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007) (noting in collateral challenge to federal conviction that "the law does not require a court, *sua sponte*, to remind a *pro se* litigant that he has only one year to file his claim").

Petitioner's contention that he is a level-four mental-health inmate does not meet his burden of showing a causal connection between his alleged mental capacity and his ability to file a timely federal petition.  It is apparent that the main thrust of Petitioner's

---

is nothing left to toll.").

7

argument is that he thought he had four years, not that he was mentally incompetent. Petitioner's lack, however, of correct legal knowledge on the federal one-year limitations period does not provide grounds for equitable tolling. Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); Outler, 485 F.3d at 1283 n.4 ("[P]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations."). Neither does counsel's advice or lack of advice regarding the one-year limitations period constitute an extraordinary circumstance that warrants equitable tolling. Ryder v. Sec'y, Dep't of Corr., 521 F. App'x 817, 819) (11th Cir. 2013) (citing Helton v. Sec. for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001)).

The undersigned finds no extraordinary circumstance. Moreover, the filing of Petitioner's state habeas corpus petition and an untimely motion in arrest of judgment after expiration of the federal limitations period does not show reasonable diligence. Petitioner has not met his burden of showing that he is entitled to equitable tolling, and Respondent's motion to dismiss should be granted.

## II.     **Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  The standard requires a petitioner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

9

A COA should be denied because the decisive procedural issue, untimeliness, is undebatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

**IT IS ORDERED** that Defendant Olens's motion that he be dismissed, (Doc. 10), is **GRANTED**. See Rules Governing Section 2254 Cases in the United States District Court, Rule 2(a).

**IT IS RECOMMENDED** that Respondent's motion to dismiss, (Doc. 9), be **GRANTED**, that his action be **DISMISSED** as untimely, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 22nd day of January, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)