# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JAMES ANTHONY DIXON,

                   **Petitioner,**

      **v.**                                               **1:13-cv-3289-WSD**

STAN SHEPPARD, Warden,
SAMUEL OLENS, the Attorney
General of the State of GA c/o Daniel
Hamilton S/A Asst, A/G,

                   **Respondents.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Order and Final Report and Recommendation ("R&R") [15] on Petitioner James Anthony Dixon's federal habeas corpus Petition [1], Respondent Stan Sheppard's Motion to Dismiss the Petition as Untimely [9], and Respondent Sam Olens's Motion to Dismiss as an Improper Party Respondent [10].

## I.    BACKGROUND[1]

In December, 2005, a Cobb County, Georgia, jury found Petitioner James Anthony Dixon ("Petitioner") guilty of malice murder, felony murder, and aggravated assault.  The trial court sentenced Petitioner to life imprisonment for malice murder.[2]  Petitioner alleges that the trial court informed him that he had "a right to file any action for habeas corpus brought pursuant to law.  It must be filed within four years . . . ."[3]

On April 28, 2009, the Georgia Supreme Court affirmed Petitioner's conviction and sentence.  On March 9, 2011, Petitioner filed his state habeas petition in Richmond County, which the Superior Court of Richmond County denied.  On September 9, 2013, the Georgia Supreme Court denied further review of Petitioner's state petition.

On July 18, 2013, Petitioner filed this *pro se* habeas Petition, pursuant to 28

---

[1] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings" (emphasis in original).

[2] Petitioner's felony murder conviction was vacated, and the aggravated assault charge merged into the malice murder conviction for sentencing purposes.

[3] Georgia law provides for a four-year limitations period for filing a state habeas corpus petition that challenges a felony conviction.  See O.C.G.A. § 9-14-42(c).

U.S.C. § 2254.  Petitioner, in seeking relief, alleges that the trial court incorrectly told him he had four years to file a habeas corpus petition, and that he is a level-four mental-health inmate.  Petitioner contends that his circumstances require equitable tolling on his Petition, even though it was not timely filed.  On November 12, 2013, Respondent Stan Sheppard ("Sheppard") moved to dismiss the Petition as untimely, and Respondent Sam Olens ("Olens") moved to be dismissed from this action as an improper party.

On January 22, 2014, the Magistrate Judge issued her R&R, recommending (i) that Sheppard's Motion to Dismiss Petition as Untimely be granted and the Petition be denied, because the Petition was not timely filed, and equitable tolling of the statute of limitations is not appropriate; and (ii) that a certificate of appealability not be issued.[4]

On February 18, 2014, Petitioner filed his objections to the R&R.  Petitioner makes conclusory statements about his actual innocence in his objections. Petitioner did not object to the specific findings and recommendations in the R&R.[5]

---

[4] The Magistrate Judge granted Olens's Motion.

[5] Liberally construing Petitioner's *pro se* objections, the Court finds that Petitioner did not assert any specific objections to the findings and recommendations in the R&R.  See Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . .

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010);

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A

district judge "shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,

a court conducts only a plain error review of the record.  United States v. Slay,

714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Petitioner did not raise

specific objections to any of the findings, conclusions, or recommendations in the

R&R, and the Court reviews them for plain error.

---

written objections which shall specifically identify the portions of the proposed
findings a recommendation to which objection is made and the specific basis for
objection"); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (in a
§ 2254 petition, "[p]arties filing objections to a magistrate's report and
recommendation must specifically identify those findings objected to.  Frivolous,
conclusive, or general objections need not be considered by the district court").
Petitioner does not articulate specific objections to the Magistrate Judge's findings
and recommendations.  Petitioner alleges his actual innocence, but he offers no
evidence sufficient to "persuade the district court that, in light of the new evidence,
no juror, acting reasonably, would have voted to find him guilty beyond a
reasonable doubt."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).

B.      Analysis

The Magistrate Judge determined that Petitioner's Petition was untimely filed, and that Petitioner did not show that extraordinary circumstances prevented him from filing on time.  The Magistrate Judge recommended that Sheppard's Motion to Dismiss as Untimely be granted, and that the Petition be denied.  The Court finds no plain error in this recommendation.  See Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); Outler v. United States, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) ("[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations.")

The Magistrate Judge determined that it is not debatable that Petitioner's Petition was untimely filed.  The Magistrate Judge recommended that a certificate of appealability not be issued to Petitioner, and the Court finds no plain error in this recommendation.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, to obtain a certificate of appealability on a denial of a habeas petition on procedural grounds, a Petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

5

district court was correct in its procedural ruling").

III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Order and Final Report and Recommendation [15] is **ADOPTED**, and Respondent Stan Sheppard's Motion to Dismiss the Petition as Untimely [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner James Anthony Dixon's federal habeas corpus Petition [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 16th day of April, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE