IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES ANTHONY DIXON,

                Petitioner,

v.

STAN SHEPPARD, Warden,
SAMUEL OLENS, the Attorney
General of the State of GA c/o Daniel
Hamilton S/A Asst, A/G,

                Respondents.

1:13-cv-3289-WSD

## OPINION AND ORDER

This matter is before the Court on Petitioner James Anthony Dixon's ("Petitioner") "Motion for One Electric Copy (for Pro Se, Attorney on Party for Complete Record on Above File) for US Supreme Court Appeal/Clerk and Due Date 1/29/15" and "Motion for Extension of Time 90 Days Filing Time for US Supreme Appeal" [31] ("Motion").[1]

## I.   BACKGROUND

On July 18, 2013, Petitioner filed his *pro se* federal habeas corpus Petition [1], pursuant to 28 U.S.C. § 2254. Petitioner, in seeking relief, alleged that the trial

---

[1] Petitioner's Motion is a single three-page document that the Clerk docketed as two motions. The Court will construe Petitioner's Motion as a single motion that seeks two separate types of relief.

court incorrectly told him he had four years to file a federal habeas corpus petition, and alleged that he is a level-four mental-health inmate. Petitioner contended that his circumstances required equitable tolling on his untimely filed Petition. On November 12, 2013, Respondent Stan Sheppard ("Sheppard") filed his Motion to Dismiss Petition as Untimely [9].

On January 22, 2014, Magistrate Judge Janet F. King issued her Final Report and Recommendation [15] (R&R), recommending (i) that Sheppard's Motion to Dismiss Petition as Untimely be granted and the Petition be denied, because the Petition was not timely filed, and equitable tolling of the statute of limitations was not appropriate; and (ii) that a certificate of appealability not be issued. On April 16, 2014, the Court adopted [18] the Magistrate Judge's R&R, granted Sheppard's Motion to Dismiss Petition as Untimely, denied the Petition, and ordered that a certificate of appealability ("COA") be denied.

On May 22, 2014, Petitioner's Notice of Appeal [20] and Motion for Certificate of Appealability [21] ("COA Motion") were docketed.[2] On November 17, 2014, the Eleventh Circuit denied [33] Petitioner's COA Motion, and dismissed his appeal.[3]

---

[2]   The Notice of Appeal was construed from Petitioner's COA Motion. The Notice of Appeal and the COA Motion are the same document.

[3]   Case No. 14-12504.

On March 19, 2015, Petitioner filed his Motion.  Petitioner appears to be requesting an electronic copy of the "complete record" and an additional ninety (90) days upon with to request a writ of certiorari from the Supreme Court.  (Mot. at 1-3).  Petitioner appears to have filed a substantially similar motion with the Eleventh Circuit, which was docketed as a "Public Communication: Letter from Pro Se Appellant, request not clear."  On June 17, 2015, Petitioner filed a second request with the Eleventh Circuit that appears to have been intended for the Supreme Court

## II.   DISCUSSION

Petitioner has not provided any basis for the Court to conclude that he should be provided an electronic copy of the "complete record."  The Court does not have the authority to grant Petitioner additional time to seek a writ of certiorari.  Petitioner is required to seek such relief with the Supreme Court directly.  See 28 U.S.C. § 2101(c) ("A justice of the Supreme Court, for good cause shown, may extend the time for applying for a writ of certiorari for a period not exceeding sixty days.").  Petitioner's Motion is required to be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner James Anthony Dixon's "Motion for One Electric Copy (for Pro Se, Attorney on Party for Complete Record on Above File) for US Supreme Court Appeal/Clerk and Due Date 1/29/15" and "Motion for Extension of Time 90 Days Filing Time for US Supreme Appeal" [31] are **DENIED**.

**SO ORDERED** this 8th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE